

**12 CIV 8582**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WILLIAM N. POMAKOY,

                                Plaintiff,

                                **COMPLAINT**

           vs.

CITY OF NEW YORK; DETECTIVE BRIGID
SULLIVAN, Shield no. 3354; JOHN and JANE         Jury Trial Demanded
DOE 1 through 10, individually and in their
official capacities, (the names John and Jane Doe
being fictitious, as the true names are presently
unknown),

                                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

       Plaintiff, WILLIAM N. POMAKOY by his attorneys, SCAROLA, BENINCASA & MOUZAKITIS, PLLC upon information and belief, complains of Defendants as follows:

## NATURE OF THE CASE

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution and the laws of the state of New York.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

3. The Jurisdiction of this Court is predicated upon 28 U.S.C. §§1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

## MATERIAL FACTS

12. At approximately 10:00 a.m. on January 14th, 2012, plaintiff was lawfully situated inside of his apartment, located on Martha Avenue in the Bronx.

13. Defendant SULLIVAN and another member of NYPD knocked on the door to Plaintiff's apartment and were permitted access into the apartment by Plaintiff's roommate.

14. Defendant SULLIVAN and the other member of the NYPD asked Plaintiff to come with them to the 13th Precinct of the NYPD.

15. Plaintiff complied with their request.

16. Plaintiff was taken in an NYPD vehicle to the 13th Precinct.

17. Once Plaintiff arrived at the 13th Precinct he was arrested and placed in a holding cell.

18. Plaintiff was arrested on felony charges of Grand Larceny in the Third Degree for having allegedly stolen property from his employer's restaurant.

19. Plaintiff did not commit any of the criminal and/or unlawful actions of which he was accused.

20. No allegation has ever been made that Plaintiff was observed in possession of the aforementioned property.

21. The primary factual allegations supporting the criminal charges against Plaintiff were that Plaintiff was seen on video entering and leaving the room where the property was allegedly stored.

22. These allegations did not describe any form of criminal activity.

23. No allegation has ever been made that the property was observed missing at a time proximate to Plaintiff being shown on video tape leaving the aforementioned room.

24. Access to the aforementioned room is common amongst employees.

25. Employees often use the room to store their own belongings during their shift.

26. Upon information and belief, numerous individuals went in and out of that room between Plaintiff being observed on video tape and the property being discovered missing.

27. The Officers knew and should have known that Plaintiff had committed no crime

28. The Officers knew and should have known and that they lacked probable cause to arrest Plaintiff.

29. The allegations did not provide probable cause sufficient to justify a lawful arrest of Plaintiff.

30. The Police did not properly investigate the allegations.

31. No member of the NYPD has ever obtained a copy of the alleged video tape.

32. No member of the NYPD has ever viewed the alleged video tape.

33. No member of any government agency involved in the arrest and/or prosecution of Plaintiff has viewed the alleged video tape.

34. No government agency involved in the arrest and/or prosecution of Plaintiff has ever obtained the alleged video tape.
35. No member of the NYPD ever ascertained when the property was first observed missing.
36. No member of any government agency involved in the arrest and/or prosecution of Plaintiff ever ascertained when the property was observed missing.
37. Plaintiff remained in custody in the 13 Precinct for approximately 10 hours.
38. Plaintiff was then transferred to Manhattan Central Booking where he remained for several hours before being arraigned.
39. Plaintiff was arraigned on a felony complaint which charged him with Grand Larceny in the Third Degree under New York Penal Law.
40. Upon information and belief, members of the NYPD, including Defendant SULLIVAN, unlawfully arrested Plaintiff in order to satisfy the unlawful demands of an influential private citizen.
41. Upon information and belief, members of the NYPD then spoke with individuals from various media outlets regarding the case.
42. Upon information and belief, members of the NYPD informed reporters from various media outlets that Plaintiff was "*caught on surveillance video going into the restaurant's subterranean Wine Connoisseurs Room on Christmas Eve and filling a bag with eight of the restaurant's most expensive bottles of wine.*"
43. Upon information and belief, members of the NYPD knew the information was false when they published it to the Media and community at large.

44. The Criminal Complaint signed by Defendant SULLIVAN and filed in New York County Criminal Court stated in sum and substance that the video did not show Plaintiff filling a bag with any bottles of wine.

45. No allegation has ever been made that the alleged video showed Plaintiff filling a bag with eight expensive bottles of wine.

46. On or about April 17, 2012, all criminal charges were terminated and dismissed in Plaintiff's favor.

47. Between Plaintiff's arrest and the dismissal of his charges, Plaintiff was deprived of his liberty and caused to defend the baseless criminal charges at great personal jeopardy and expense.

48. Plaintiff suffered damages as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, anxiety, embarrassment, humiliation, damage to his reputation and loss of future employment.

49. Within ninety days after the claims alleged in this Complaint arose, written notices of claim were served upon defendants at the Comptroller's office a 1 Centre Street, New York, New York.

50. At least thirty days have elapsed since the service of the notices of claim, and adjustment or payment of the claims has been neglected or refused.

51. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

## FIRST CLAIM
### 42 U.S.C. §1983

52. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

53. Defendants, by their conduct toward Plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. §1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

54. As a result of which, Plaintiff has been injured

## SECOND CLAIM
### False Arrest

55. Plaintiff repeats and realleges each and every allegation as if fully set forth herein

56. Defendants violated the Fourth Amendment because they arrested plaintiff without probable cause.

57. As a result of which, Plaintiff has been injured.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

58. Plaintiff repeats and realleges each and every allegation as if fully set fourth herein.

59. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

60. Plaintiff was conscious of his confinement.

61. Plaintiff did not consent to his confinement.

62. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

63. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Malicious Prosecution

64. Plaintiff repeates and realleges each and every allegation as if fully set forth herein.

65. By their conduct, as described herein and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. §1983 for the violation of his Constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

66. As a result of which Plaintiff has been injured.

## FIFTH CLAIM
### State Law Malicious Prosecution

67. Plaintiff repeates and realleges each and every allegation as if fully set forth herein.

68. By their conduct, as described herein, defendants are liable to plaintiff for having committed malicious prosecution under the laws of the State of New York.

69. Defendants maliciously commenced criminal proceedings against plaintiff, charging him with Grand Larceny. Defendants falsely and without probable cause charged plaintiff with violations of the laws of the state of New York.

70. The commencement and continuation of the criminal proceedings against plaintiff was malicious and without probable cause.

71. All charges were terminated and dismissed in plaintiff's favor.

72. Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of plaintiff. Defendant City of New York, as an employer of the individual defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

73. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SIXTH CLAIM
### Failure To Intervene

74. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

75. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

76. Accordingly, the defendants who failed to intervene violated the Fourth Amendment.

77. As a result of which, Plaintiff has been injured.

## SEVENTH CLAIM
### Negligent Hiring/Training/Retention of Employment Services

78. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

79. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

80. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

81. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

82. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plainitff's injuries.

83. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
*Monell*

84. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

85. This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

86. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of certain police officers lacking the ability to

discharge their duties in accordance with the constitution and is indifferent to the consequences.

87. The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

88. The City, through is police department, has an overtime policy that incentivizes arrests in the absence of probable cause through overtime payments for arrest processing time.

89. Federal judges have also recognized such a custom and practice of police officers. According to the Honorable Jack B. Weinstein:

90. The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its polices, practices and customs to stop this behavior.

91. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

92. There policies, practices, and customs were the moving force behind plaintiff's injuries.

## NINTH CLAIM
### Defamation

93. Plaintiff repeats, reiterates and realleges each and every allegation as if same were fully setforth hereinafter.

94. On or about May 12, 2007, Members of the NYPD maliciously spoke of and

concerning Plaintiff to various Media outlets the false and defamatory words that Plaintiff had been observed on video filling a bag with eight bottles of expensive wine. Upon information and belief, Defendant knew their words were false and defamatory and the defendant published these defamatory words with actual malice toward the Plaintiff and with utter and reckless disregard for the effect of the statement, with intent to injure and damage Plaintiff in his good name, reputation, profession, credit and/or feelings, ant to expose him to ridicule and contempt and/or loss of standing in the minds of persons in the community/public.

95. By reason of publication by Defendant of such false, slanderous, libelous and/or defamatory statement, Plaintiff has been injured in his reputation and/or good standing in the community where he lives, has suffered mental and emotional pain and anguish and has been held up to ridicule and/or contempt by his friends, acquaintances and the general public, all to Plaintiffs damage as set forth above.

96. On or about May 12, 2007, Members of the NYPD maliciously spoke of and concerning Plaintiff to various Media outlets the false and defamatory words that Plaintiff had been observed on video filling a bag with eight bottles of expensive wine. Upon information and belief, Defendants knew their words were false and defamatory and the defendants published these defamatory words with actual malice toward the Plaintiff and with utter and reckless disregard for the effect of the statement, with intent to injure and damage Plaintiff in his good name, reputation, profession, credit and/or feelings, ant to expose him to ridicule and contempt and/or loss of standing in the minds of persons in the community/public.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. §1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED: November 19, 2012
           Queens, New York

                                      SCAROLA, BENINCASA
                                      & MOUZAKITIS, PLLC

                                  By: _____
                                      Gianpaolo Scarola, Esq. (GS5383)
                                      186-09 Union Turnpike, 2nd Floor
                                      Fresh Meadows, NY 11366
                                      (718) 454-0500
                                      gs@sbmattorneys.com

                                      *Attorney for Plaintiff*